IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOANNE HUGHES-ROBINSON, et al.,

        Plaintiffs,                No. CIV. S-04-0247 FCD KJM PS

vs.

TOM CAREY, et al.,                      ORDER

        Defendants.

_____/

        This matter came on for hearing for a final pretrial conference on September 16, 2005. Plaintiff, Joanne Hughes-Robinson appeared in propria persona and Mr. Michael G. Lee appeared on behalf of all defendants. However, in light of the parties failure to submit a Joint Pretrial Conference Statement the court shall VACATES the final pretrial conference and jury trial dates and resets them as follows:

        The Final Pretrial Conference is set for **December 9, 2005** at **1:30 p.m.** The parties shall submit a Joint Pretrial Conference Statement on or before **December 2, 2005**. At least one of the attorneys who will conduct the trial for each of the parties shall attend the Final Pretrial Conference. If by reason of illness or other unavoidable circumstance a trial attorney is unable to attend, the attorney who attends in place of the trial attorney shall have equal familiarity with the case and equal authorization to make commitments on behalf of the client.

<u>All persons representing themselves or appearing in propria persona must attend the Final Pretrial Conference.</u>

Counsel for all parties, <u>as well as persons appearing in propria persona</u>, are to be fully prepared for trial at the time of the Final Pretrial Conference, with no matters remaining to be accomplished except production of witnesses for oral testimony.  The parties shall file, not later than seven (7) calendar days prior to the Final Pretrial Conference, a **joint** pretrial statement.  The provisions of Local rules 16-281 shall apply with respect to the matters to be included in the joint pretrial statement.  In addition to those subjects listed in Local Rule 16-281(b), the parties are to provide the court with a plain, concise statement that identifies every non-discovery motion tendered to the court and its resolution.

Failure to comply with Local Rule 16-281, as modified by this order, may be grounds for sanctions.

**<u>Concurrently with the filing of the Final Pretrial Conference Statement, counsel shall submit to chambers a word processing version of the statement, its entirety, (including the witness and exhibit lists) to: fcdorders@caed.uscourts.gov.</u>**

The parties should identify first the core undisputed facts relevant to all claims.  The parties should then, in a concise manner, identify those undisputed core facts that are relevant to each claim.  The disputed facts should be identified in the same manner.  Where the parties are unable to agree as to what disputed facts are properly before the court for trial, they should nevertheless list all disputed facts asserted by each party.  Each disputed fact or undisputed fact should be separately numbered or lettered.

Each party shall identify and concisely list each disputed evidentiary issue which will be the subject of a motion in limine.

Each party shall identify the points of law which concisely describe the legal issues of the trial which will be discussed in the parties' respective trial briefs.  Points of law should reflect issues derived from the core undisputed and disputed facts.  Parties shall not include argument of authorities with any point of law.

The parties shall prepare a **joint** statement of the case in plain concise language which

1 will be read to the jury at the beginning of the trial.  The purpose of the joint statement is to
2 inform the jury what the case is about.
3    The parties are reminded that pursuant to Local Rule 16-281 they are required to list in
4 the Final Pretrial Conference Statement **all** witnesses and exhibits they propose to offer at trial.
5 After the name of each witness, each party shall provide a **brief** statement of the nature of the
6 testimony to be proffered.  The parties may file a joint list or each party may file separate lists.
7 These list(s) shall not be contained in the body of the Final Pretrial Conference Statement itself,
8 but shall be attached as separate documents to be used as addenda to the Final Pretrial Order.
9    Plaintiff's exhibits shall be listed numerically.  Defendant's exhibits shall be listed
10 alphabetically.  The parties shall use the standard exhibit stickers provided by the court: pink or
11 yellow for the plaintiff and blue for the defendant.  In the event that the alphabet is exhausted, the
12 exhibits shall be marked "AA-ZZ" and "AAA-ZZZ" etc.  All multi-page exhibits shall be listed
13 stapled or otherwise fastened together and each page within the exhibit shall be numbered.  The
14 list of exhibits shall not include excerpts of depositions, which may be used to impeach
15 witnesses.  **In the event that plaintiff(s) and defendant(s) offer the same exhibit during trial,**
16 **that exhibit shall be referred to by the designation the exhibit is <u>first identified</u>.  The court**
17 **cautions the parties to pay attention to this detail so that all concerned, including the jury,**
18 **will not be confused by one exhibit being identified with both number and a letter.**
19    The Final Pretrial Order will contain a stringent standard for the offering at trial of
20 witnesses and exhibits not listed in the Final Pretrial Order, and the parties are cautioned that the
21 standard will be strictly applied.  On the other hand, the listing of exhibits or witnesses that a
22 party does not intend to offer will be viewed as an abuse of the court's processes.
23    Counsel shall produce all trial exhibits to Maureen Price, the Courtroom Clerk, **no later**
24 **than 3:00 p.m. on the Friday before the trial.**
25    The parties also are reminded that pursuant to Rule 16 of the Federal rules of Civil
26 Procedure it will be their duty at the Final Pretrial Conference to aid the court in: (a) the
27 formulation and simplification of issues and the elimination of frivolous claims or defenses; (b)
28 the settling of facts that should properly be admitted; and (c) the avoidance of unnecessary proof

and cumulative evidence.  Counsel must cooperatively prepare the joint Final Pretrial Conference Statement and participate in good faith at the Final Pretrial Conference with these aims in mind.[2] A failure to do so may result in the imposition of sanctions which may include monetary sanctions, orders precluding proof, elimination of claims or defenses, or such other sanctions as the court deems appropriate.

### VIII.   TRIAL SETTING

The trial is set for **February 28, 2006** at **9:00 a.m.**   Trial will be **to a jury.**

IT IS SO ORDERED.

DATED: September 16, 2005

/s/ Frank C. Damrell Jr.
FRANK C. DAMRELL JR.
UNITED STATES DISTRICT JUDGE

---

[2] If the pretrial conference discloses that no material facts are in dispute and that the undisputed facts entitle one of the parties to judgment as a matter of law, the court may summarily dispose of the case or claims.  <u>Portsmouth Square v. Shareholders Protective Comm.,</u> 770 F.2d 866, 868-69 (9th Cir. 1985).