IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOANNE HUGHES-ROBINSON, et al.,

    Plaintiffs,　　　　　　　　　No. CIV S-04-0247 FCD KJM PS

  vs.

TOM CAREY, et al.,　　　　　　　　　FINDINGS AND RECOMMENDATIONS

    Defendants.

_____/

        Plaintiffs initiated this action on February 3, 2004.  Defendants filed a motion for summary judgment on February 14, 2006, to which plaintiffs did not timely respond.  By order filed March 14, 2006, plaintiffs were given additional time in which to file opposition to defendants' motion and were cautioned that failure to file opposition would be deemed as a statement of non-opposition.  Plaintiffs again failed to file opposition.  Plaintiffs were granted still another extension of time and were directed to file opposition no later than May 8, 2006 but again failed to do so.  On May 9, 2006, plaintiffs filed two documents, one of which is characterized by plaintiffs as a status report and the other as an opposition.  However, upon review of these documents, neither offers any substantive opposition to the pending motion.

        The Federal Rules of Civil Procedure provide for dismissal of actions based on lack of prosecution.  Fed. R. Civ. P. 41(b).  Pro se litigants are bound by the rules of procedure,

1

even though pleadings are liberally construed in their favor. King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). In determining whether to dismiss for lack of prosecution, generally the court considers (1) the public's interest in expeditious resolution of litigation, (2) the court's need to manage its docket, (3) the risk of prejudice to the defendants, (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions. See, e.g., Al-Torki v. Kaempen, 78 F.3d 1381, 1384 (9th Cir. 1996). The court may dismiss a case sua sponte for lack of prosecution by the plaintiff. Hamilton Copper & Steel Corp. v. Primary Steel, Inc., 898 F.2d 1428 (9th Cir. 1990). Sua sponte dismissal requires a "close focus" on consideration of "less drastic alternatives" and whether or not there has been a "warning of imminent dismissal of the case." Oliva v. Sullivan, 958 F.2d 272, 274 (9th Cir. 1992).

In determining that this action will be dismissed, the court has considered all the factors set forth in Al-Torki. The first two factors on their face favor the imposition of sanctions in this case, which has been pending for some time. Compare Wanderer v. Johnston, 910 F.2d 652, 656 (9th Cir. 1990). Moreover, plaintiffs failed to participate in the preparation of a joint pretrial statement and do not appear ready to go to trial in this matter. Regarding the third factor, defendants already have briefed their summary judgment motion, and would be prejudiced by the need for further litigation of this matter despite plaintiffs' non-responsiveness. Moreover, delay itself generally is prejudicial--witness memories fade and evidence becomes stale or undiscoverable. While the fourth factor favors resolution on the merits, in this case plaintiffs repeatedly have declined to oppose summary judgment despite generous extensions of time and have thus precluded the court's evaluation of the potential merits of such an opposition. It also appears from plaintiff's belated pleadings filed May 9, 2006, that plaintiffs are unable to meet the substantive arguments advanced by defendants in support of the motion for summary judgment. Under these circumstances, the fourth factor is outweighed by the others.

Focusing on the fifth Al-Torki factor and warning regarding imminent dismissal, as required by Oliva, the court in both its March 14, 2006 and April 28, 2006 orders allowing

1 extensions of time has advised plaintiffs that this action is subject to dismissal, directed plaintiffs
2 to file opposition, and granted ample additional time to oppose the pending motion after
3 plaintiffs failed to timely oppose defendants' motion for summary judgment, all to no avail.  The
4 court therefore concludes there is no suitable, alternative less drastic sanction to dismissal.

5 Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed
6 with prejudice.

7 These findings and recommendations are submitted to the United States District
8 Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within ten
9 days after being served with these findings and recommendations, any party may file written
10 objections with the court and serve a copy on all parties.  Such a document should be captioned
11 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
12 shall be served and filed within ten days after service of the objections.  The parties are advised
13 that failure to file objections within the specified time may waive the right to appeal the District
14 Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
15 DATED:  May 11, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

006
hughes-rob.nop57